### JOHNSTON v. FORSYTH MERCANTILE CO.

(District Court, S. D. Georgia, W. D. June 29, 1907.)

BANKRUPTCY—FRAUDULENT TRANSFER OF PROPERTY—SUIT BY TRUSTEE TO SET ASIDE.

A sale by an insolvent company in bulk of its stock of merchandise, which constituted practically all of its property, the transfer having been made secretly, at night, to a purchaser which knew of the insolvency, and the proceeds in part used to pay certain creditors, *held* to have been made with intent to hinder, delay, and defraud its creditors, and to be voidable at suit of its trustee in bankruptcy.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bankruptcy, § 248.]

In Equity. Suit by trustee in bankruptcy to set aside an alleged fraudulent transfer.

For former opinion, see 127 Fed. 846.

George S. Jones and Smith, Hammond & Smith, for plaintiff.
Robert L. Berner and Walter J. Grace, for defendant.

SPEER, District Judge. The findings of the court upon the issues presented by the pleadings and proof are as follows:

The Stewart-Taylor Company upon proper involuntary proceedings had been adjudged bankrupt. E. P. Johnston, the complainant above mentioned, had been elected its trustee, and was thereupon authorized by the court to institute a suitable proceeding in equity against the Forsyth Mercantile Company to recover certain assets of the bankrupt, which it was prima facie made to appear had been collusively and fraudulently conveyed for the benefit of the defendant company and to the injury of creditors. This had been accomplished by a certain sale and transfer by the bankrupt of the entire stock of merchandise. The ground of this proceeding was that the transfer was made by the bankrupt to the defendant with the intent to hinder, delay, and defraud the creditors of the bankrupt, in violation of the bankruptcy act. A demurrer was interposed to the proceeding brought by the trustee, and after full hearing it was overruled. Answers were thereupon filed by the Forsyth Mercantile Company and the bankrupt. The cause, being then at issue, was referred to Alexander Proudfit, Esq., referee in bankruptcy, as special master, "to proceed with the hearing of the testimony, and to report to the court his findings of law and fact thereon." No objection was made to the reference, and it was ratified by the action of the parties. It was, however, not intended by the court to commit the final determination of the cause to the master, and, his report coming in, exceptions thereto were filed. The full case has been heard by the court upon the pleadings, the proofs, the master's report, and the exceptions. From the entire record the court has reached its conclusion.

It appears, as found by the master, that the Stewart-Taylor Company on June 21, 1903, the date of the beginning of the transaction complained of, was insolvent. Its indebtedness approximated $10,034. Its assets consisted of its stock of goods, which at market cost on that date appeared by inventory to be worth $5,034.52, besides a few notes and accounts of insignificant amount. It further appears that A. M. Taylor, one of the bankrupt concern, through the president and the secretary and treasurer of the defendant company, consummated the transfer complained of. This was done at night behind closed doors, and under circumstances which must have put the defendant on notice that it was done out of the ordinary course of business. We find, therefore, that the Forsyth Mercantile Company was not a purchaser in good faith of the property. It was bound by the action of its officers, and participated in the transaction to defraud the creditors of the bankrupt. It appears from the evidence that it was fully aware of the insolvent condition of the Stewart-Taylor Company. It is further shown that the sale was made in a quick and unusual manner, with the evident disposition to consummate it before its interruption by legal proceedings could be accomplished. This was all done only two days before the proceedings in bankruptcy were filed.

We further find that the amount paid by the defendant company for the property was 70 per cent. of the invoice cost of the dry goods and notions, 75 per cent. of the invoice cost of the shoes, and 50 per cent. of such cost of the millinery. This aggregated $3,444.10. In addition to this, there was a shipment of shoes at the depot, not yet taken out, which passed under the transfer, making a total of values of $3,584.05. This appears to be a fair valuation of the goods and merchandise thus conveyed by the bankrupt to the defendant company. We find that the bulk sale, thus secretively and injuriously conducted, and evidenced by bill of sale executed on the very date of the bankruptcy proceedings, was intended to delay, hinder, and defraud the creditors. With the proceeds of this sale in part, the bankrupt proceeded to settle the claims of certain banks against it, and the master recommends that the Forsyth Mercantile Company, which was the purchaser fraudulently, as we have seen, should be subrogated to the claims of such banks against the bankrupt itself. Upon this subject it will suffice to say that the banks are not parties to this litigation, there are no suitable averments or prayers, and no decree at this time can be made to affect this issue. Upon a general review of the record it appears, therefore, that the bill of sale of such assets, set forth in the pleadings, should be delivered up and canceled, and the delivery of the goods and merchandise therein made should be decreed to be null and void, and that the complainant, viz., E. P. Johnston, trustee, is entitled to recover the value of the assets of the bankrupt, which were thus unlawfully transferred to the Forsyth Mercantile Company.

It is further found that E. P. Johnston, as trustee in bankruptcy of the estate of Stewart-Taylor Company, bankrupt, should be decreed to be vested with the title of said property as trustee, and the same, so far as any of it may now be held by the Forsyth Mercantile Company, should be adjudged and decreed as held in trust for said E. P. Johnston as trustee, and for the purpose of his duties as such trustee, as regards the creditors who may be entitled to distribution thereof. We further find that decree should be taken directing the Forsyth Mercantile Company to account to E. P. Johnston as such trustee for all goods and merchandise purchased by it from the Stewart-Taylor Company under said fraudulent bill of sale and under the transaction which has been described; and, further, that, if the said Forsyth Mercantile Company shall be unable to return such goods and merchandise so fraudulently conveyed and transferred, Johnston as trustee shall recover of the Forsyth Mercantile Company the sum of $3,584.05, as a fair valuation thereof.

Complainant is further entitled to a decree to the effect that the costs and expenses of this cause in equity shall be taxed by the clerk of the court against the defendant; and, further, that the compensation of Alexander Proudfit, Esq., for his services as special master shall be fixed at the sum of ——— dollars, to be paid as part of the costs and expenses herein.